UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-08637-RGK-JPR | Date | June 30, 2017 |
|---|---|---|---|
| Title | *SPIRIT CLOTHING COMPANY v. JERRY LEIGH OF CALIFORNIA, INC. AND WAL-MART STORES, INC.* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Dismiss First Amended Counterclaim (DE 27)

## I.   INTRODUCTION

On February 21, 2017, Spirit Clothing Company ("Spirit") filed a First Amended Complaint ("FAC") against Jerry Leigh of California, Inc. ("Leigh") and Wal-Mart Stores, Inc. ("Wal-Mart," and together with Leigh, "Defendants"). The FAC asserts three claims: (1) Federal Trademark Infringement; (2) False Designation of Origin; and (3) Unfair Competition.

On May 4, 2017, Leigh and Wal-Mart filed a First Amended Counterclaim ("FACC") against Spirit asserting five counterclaims based on 15 U.S.C. §§ 1119–20: (1) Cancellation of Trademark Registration Due to Functionality; (2) Cancellation of Trademark Registration Due to Lack of Inherent Distinctiveness or Secondary Meaning; (3) Cancellation of Trademark Registration Due to Prior Rights; (4) Cancellation of Trademark Registration Due to Fraudulent Procurement; and (5) Damages for Fraudulent Procurement of Trademark.

Presently before the Court is Spirit's Motion to Dismiss the fourth and fifth counterclaims. For the reasons below, the Court **GRANTS** the Motion.

## II.   FACTUAL BACKGROUND

Spirit filed an application for a federal trademark for its "Spirit Jersey Design" ("Jersey Design") in April of 2012 at the United States Patent and Trademark Office ("USPTO"). As part of the application, Spirit stated in a signed declaration that the Jersey Design consisted of "a yoke stitched with cover stitch details on the dropped shoulder seams and a yoke stitched across the chest and the back of the shirt, with lettering between the two dropped shoulder seams." Spirit also made various other declarations, which stated that the Jersey Design was distinctive and that no other entity had acquired the right to use the mark. (FACC Ex. A., ECF No. 25.)

---

CV-90 (06/04)                    CIVIL MINUTES - GENERAL                    Page 1 of 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-08637-RGK-JPR | Date | June 30, 2017 |
|---|---|---|---|
| Title | *SPIRIT CLOTHING COMPANY v. JERRY LEIGH OF CALIFORNIA, INC. AND WAL-MART STORES, INC.* | | |

On January 22, 2013, Spirit obtained federal trademark registration No. 4,280,977 for its Jersey Design.

Defendants sold jerseys that featured yokes stitched across the chest and back of the garment, cover stitch details, dropped shoulder seams, and lettering between the dropped shoulder seams.

## III.   JUDICIAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to permit a reasonable inference that the defendant is liable. *Id*. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a Rule-12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

When a party asserts a fraud claim, however, he must meet the more exacting pleading requirements of Rule 9(b). Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Malice, intent, knowledge, and other states of mind may be pleaded generally. *Id*. To satisfy this standard, a "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Rule 10(c) states that a copy of a written instrument attached as an exhibit to a pleading is "a part of the pleading for all purposes." An application for trademark registration attached as an exhibit to pleadings is considered a written instrument. *See In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 821 (C.D. Cal. 2011).

## IV.   DISCUSSION

Spirit argues that Defendants' Fraudulent-Procurement and Damages-for-Fraudulent-Procurement Counterclaims fail to state a claim for relief. Defendants argue, among other things, that Spirit's Motion to Dismiss was not timely. The Court considers Spirit's Motion despite its late submission and agrees that Defendants' fraudulent-procurement-related Counterclaims fail to state a claim upon which relief can be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-08637-RGK-JPR | Date | June 30, 2017 |
|---|---|---|---|
| Title | *SPIRIT CLOTHING COMPANY v. JERRY LEIGH OF CALIFORNIA, INC. AND WAL-MART STORES, INC.* | | |

### A.      Timeliness of Spirit's Motion

"Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

Based on this rule, Spirit was required to file its Motion to Dismiss by May 18, 2017. But Spirit filed its Motion on May 22, 2017. Thus, Spirit's Motion is four days late. Because this delay did not cause prejudice to either party, and because there appears to be a private agreement between the parties permitting late submission, the Court will consider Spirit's Motion on the merits.

### B.      Fraudulent Procurement

Defendants allege that Spirit procured its Jersey-Design trademark fraudulently. A court may order the cancellation of a registered mark if the mark was procured fraudulently. 15 U.S.C. §§ 1119, 1064. The requisite elements for cancellation of a trademark based on fraudulent procurement are: "(1) a false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false; (3) the registrant's intent to induce reliance upon the misrepresentation; (4) actual, reasonable reliance on the misrepresentation; and (5) damages proximately caused by th[e] reliance." *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1097 (9th Cir. 2013). The Court will only focus on the first two elements of the Fraudulent-Procurement Counterclaim. As these two elements fail to meet the pleading standard, the claim must fall.

Defendants allege that at the time Spirit submitted its application to the USPTO, it knew its declarations were false. The declarations stated that the Jersey Design had "become distinctive . . . of goods . . . through the applicant's substantially exclusive and continuous use in commerce." (FACC Ex. A, at 9, ECF No. 25-1.) The declarations also stated that, to the best of Spirit's knowledge and belief, no other person or entity had the right to use the Jersey Design, or a trademark confusingly similar to the Jersey Design, prior to Spirit's trademark application. (*Id.*)

#### 1.      *False Representation Regarding a Material Fact*

Defendants allege that Spirit's mark for the Jersey Design: (1) was functional; (2) lacked inherent distinctiveness and secondary meaning; and (3) was previously used by other garment manufacturers. Consequently, Defendants allege that by submitting an application that made declarations to the contrary to the USPTO, Spirit falsely represented its mark.

The Court must determine whether Defendants have pleaded the falsity of these declarations with the requisite particularity under Rule 9(b). To do so, the Court evaluates the degree to which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-08637-RGK-JPR | | Date | June 30, 2017 |
|---|---|---|---|---|
| Title | *SPIRIT CLOTHING COMPANY v. JERRY LEIGH OF CALIFORNIA, INC. AND WAL-MART STORES, INC.* | | | |

Defendants have alleged *what* is false about the declarations and *why* the declarations were false. *See Salameh*, 726 F.3d at 1133.

    a)    *Functionality*

Defendants claim that Spirit falsely represented material facts to the USPTO by applying for a trademark for its Jersey Design, knowing it to be functional. A trademark cannot be registered if it "comprises any matter that, as a whole, is functional." 15 U.S.C. § 1052(e). For the purposes of trademark, a product feature is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Qualitex Co. v. Jacobson Prod. Co.*, 514 U.S. 159, 165 (1995). The focus of the functionality determination is on whether the collection of the elements within the trademark, taken together as a whole, are functional, not whether individual elements are functional. *Int'l Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993).

Defendants allege that it is impossible to make a two-layered garment without stitching two fabrics together and that Spirit is "attempting to claim an exclusive right over the mere placement of ordinary stitching on a jersey." (FACC ¶¶ 19, 17, ECF No. 25.) These allegations, however, isolate aspects of the Jersey Design rather than looking at it as a whole. The mere stitching of two fabrics together is only one component of the Jersey Design. The Jersey Design consists of several components, namely: (1) a yoke, a fitted piece of fabric at the shoulder of a garment, stitched across the front and back of the garment; (2) cover stitch details on the yoke; (3) dropped shoulder seams stitched with cover stitch details; and (4) lettering between the two dropped shoulder seams. (FACC ¶ 10.) While some sort of stitching is indeed essential to combine two pieces of fabric together, the combination of a cross-stich with dropped shoulder seams, two yokes sewn with additional cross stitching, and specially placed lettering are not. Defendants fail to address any of the other stylistic elements.

Further, Spirit's declarations make no mention of non-functionality. Defendants' allegations regarding functionality focus solely on the two-layer stitching, yet, in its application, Spirit explicitly states that its trademark consists of cover stitching. (FACC ¶ 17–19; FACC Ex. A, at 2.) Therefore, Spirit accurately represented this aspect of its mark. Without any actual false statements by Spirit, there is no basis for false representations or fraud based on functionality. As a result, Defendants have failed to give rise to a plausible inference that Spirit falsely represented the Jersey Design to the USPTO based on functionality.

Additionally, functionality is a determination made by the USPTO, not a material fact that can be withheld from the USPTO. *Nw. Corp. v. Gabriel Mfg. Co.*, No. 95 C 2004, 1996 WL 732519, at *4 (N.D. Ill. Dec. 18, 1996). Here, Spirit submitted an accurate representation of its Jersey Design. The USPTO made its own determination on functionality. Without submitting an inaccurate description of the proposed mark, Spirit cannot falsely represent or hide functionality from the USPTO. *See Solo Cup Operating Corp. v. Lollicup USA, Inc.*, No. 16 C 8041, 2017 WL 2152424, at *3 (N.D. Ill. May 17, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-08637-RGK-JPR | Date | June 30, 2017 |
|----------|------------------------|------|---------------|
| Title | *SPIRIT CLOTHING COMPANY v. JERRY LEIGH OF CALIFORNIA, INC. AND WAL-MART STORES, INC.* | | |

    b)  *Inherent Distinctiveness and Secondary Meaning*

Defendants allege that Spirit falsely represented its Jersey Design when it declared that the Jersey Design "has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce." (FACC Ex. A, at 9.) A mark is registrable if it is inherently distinctive or if it has gained secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992). A trademark is deemed to have gained secondary meaning when consumers recognize that the trademark represents a "single thing coming from a single source." *See Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970).

Defendants make minimal allegations regarding lack of inherent distinctiveness or secondary meaning. They simply assert that Spirit's declaration is false because the Jersey Design "does not consist of any unique design element which consumers would be able to recognize as a source indicator for Spirit's (or anyone else's) goods." (FACC ¶ 26.) This allegation, however, only amounts to a conclusory statement, not factual allegations of exactly what is false about Spirit's declarations and why they are false. *See Salameh*, 726 F.3d at 1133. Without factual allegations, Defendants have failed to sufficiently plead Spirit's false representation of inherent distinctiveness or secondary meaning.

    c)  *Prior Rights*

Defendants further allege that Spirit falsely represented material facts when it declared that, to the best of its knowledge, no other person or entity has the right to use the Jersey Design, or a trademark similar enough to the Jersey Design to cause confusion when used in connection with the goods of another. (FACC Ex. A, at 9.)

While Defendants state that other manufacturers used the Jersey Design before Spirit's trademark registration, they have failed to allege any specific manufacturer or any instance of prior use with particularity. (*See* FACC ¶ 29.) In other words, there are no factual allegations that identify what is false about Spirit's declaration and why it is false. *See Salameh*, 726 F.3d at 1133.

Moreover, courts usually find that even an applicant's knowledge of some prior use by other manufacturers is insufficient. The rights must also be "clearly established" by court decree, settlement, or a competing registration for applicant's failure to disclose to be considered fraud. *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1150 (C.D. Cal. 2001). Defendants do not allege any "clearly established" right.

Since Defendants have not alleged any particular prior use of the Jersey Design or any clearly established prior rights that Spirit might have been aware of, they have failed to plead false representation based on prior rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-08637-RGK-JPR | Date | June 30, 2017 |
|---|---|---|---|
| Title | *SPIRIT CLOTHING COMPANY v. JERRY LEIGH OF CALIFORNIA, INC. AND WAL-MART STORES, INC.* | | |

d)      *Conclusion*

As Defendants have failed to allege the falsity of Spirit's declarations with the requisite particularity, the first element of the Fraudulent-Procurement Counterclaim fails.

2.      *The Registrant's Knowledge or Belief that the Representation is False*

If Defendants had properly pleaded that Spirit submitted false representations of material facts to the USPTO, they would also have to sufficiently plead the second element of a fraudulent-procurement claim, which is that Spirit *knew* it was misrepresenting its Jersey Design. The Court finds that Defendants failed to allege any facts, beyond conclusory statements, that Spirit knew its declarations were false. Thus, Defendants insufficiently plead knowledge.

While knowledge may be pleaded generally under Rule 9(b), Defendants must still give enough factual context to render knowledge of the falsity of Spirit's declarations plausible under Rule 8(a). *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 n.8 (9th Cir. 2014). Allegations stating that Spirit had knowledge of the falsity of its representations, absent a factual context that allows the Court to draw a reasonable inference that Spirit indeed knew its declarations to be false, are insufficient to state a claim. As Defendants failed to allege any facts suggesting that Spirit knew its declarations to be false, they failed to plausibly plead knowledge. Therefore, this element also fails.

As such, the Court dismisses Defendants' fourth Counterclaim.

**C.      Damages Based on Fraudulent Procurement**

As Defendants' Fraudulent-Procurement Counterclaim fails, so too does their Counterclaim for Damages Based on Fraudulent Procurement.

As such, the Court dismisses Defendants' fifth Counterclaim.

**V.      CONCLUSION**

Accordingly, the Court **GRANTS** Spirit's Motion to Dismiss.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    _____